UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROBERT LOVEN,

     Plaintiff,

v.                                    Case No:   6:14-cv-328-Orl-41TBS

OCCOQUAN GROUP BALDWIN PARK
CORPORATION,

     Defendant.

_____

## REPORT AND RECOMMENDATION

     Pending before the Court is the parties' Joint Motion for Approval of FLSA Settlement Agreement. (Doc 19). The parties request the Court's approval of their proposed settlement of Plaintiff's Fair Labor Standards Act ("FLSA") claim.   I have examined the motion, the Settlement Agreement (Doc. 19-1), and relevant case law.   For the reasons set forth below, I respectfully recommend that the motion be **granted**.

### Background

     On February 27, 2014, Plaintiff Robert Loven filed this action against his employer, Defendant Occoquan Group Baldwin Park Corporation d/b/a Five Guys Burgers and Fries, for unpaid overtime compensation and unpaid minimum wages.   (Doc. 1).   He alleges he was an hourly paid "crew member and shift leader" for Defendant's fast food restaurant.   (Id. ¶¶ 9, 24-25).   Plaintiff further alleges that Defendant required him and other similarly situated employees to perform duties while "off-the-clock" without compensating them.   (Id. ¶¶ 25-27).   Defendant admits it employed Plaintiff but denies his allegations of wrongdoing.   (Doc. 10).   On August 11, 2014, the parties advised the Court that they had reached an agreement to resolve their dispute.   (Doc. 19).

## Discussion

The United States Court of Appeals for the Eleventh Circuit has explained that an FLSA claim can be settled and resolved in two ways.   First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor.   29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982).   Second, an employee may settle and waive claims under the FLSA if the parties present to a district court a proposed settlement agreement, and the district court enters a judgment approving the settlement. Lynn's Food Stores, Inc., 679 F.2d at 1353.

Before approving a settlement, the district court must scrutinize the settlement agreement and determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues.   Id. at 1354-55.   If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement in litigation."   Id. at 1354.   The nature of this lawsuit prompts the district court's review of the settlement agreement rather than an examination conducted by the Secretary of Labor.   My assessment of fairness is guided by prevailing case law in this Circuit, including Dees v. Hydradry, 706 F. Supp. 2d 1227 (M.D. Fla. 2010) and Fiber Moreno v. Regions Bank, 729 F. Supp. 2d 1346 (M.D. Fla. 2010).

### A.  Settlement Sum

Defendant has promised to pay and Plaintiff has agreed to accept a total of $9,500, to be disbursed as follows: $2,000 representing unpaid wages, $2,000 representing liquidated damages, and $5,500 for attorneys' fees and costs.   (Doc. 19 at 4; Doc. 19-1 ¶ 1).

In his answers to the Court's interrogatories, Plaintiff asserted his entitlement to $3,153.94 in (compensatory and liquidated) damages (Doc. 15-1).   Now, he has agreed to accept $4,000 exclusive of attorneys' fees and costs.   Before agreeing to settle, the parties determined that there are disputes regarding whether Plaintiff worked off the clock and the accurate number of hours of overtime he worked, if any, which prompted them to conclude that each of their interests would be better served through early resolution than protracted, expensive, and uncertain litigation.   (Doc. 19 at 4).   Upon due consideration, I respectfully recommend that the district court find that the proposed settlement sum is reasonable.

### B.  Definition of Released Parties

The Eleventh Circuit has held that, under the FLSA, "employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee.   A corporate officer is personally liable as an FLSA employer if he has operational control of a corporation's covered enterprise, which may be involvement in the day-to-day operation of the company or direct supervision of the employee at issue." Moore v. Appliance Direct, Inc., 708 F.3d 1233, 1237 (11th Cir. 2013) (internal citations omitted); see also Lamonica v. Safe Hurricane Shutters, Inc., 711 F.3d 1299, 1309-1310 (11th Cir. 2013).   This definition of employer is also outlined in the "Annotations and Comments" to the Eleventh Circuit Pattern Jury Instruction (Civil), section 4.13, which provides that ""[u]nder the FLSA, an 'employer' is 'any person acting directly or indirectly in the interest of an employer in relation to an employee.   Whether an individual falls within this definition does not depend on technical or 'isolated factors but rather on the circumstances of the whole activity.'"

The parties' settlement agreement defines "Released Parties" to include Defendant, as well as "its respective present, past, and future affiliates, predecessors,

heirs, successors, parents, subsidiaries, assigns, insurers, and each and every one of its

respective owners, shareholders, servants, officers, directors, employees, agents,

principals, relatives, representatives, beneficiaries, alter egos, and attorneys ..." (Doc. 19-

1 at 2).   This definition is too broad and impermissibly designates as "employers" entities

beyond the scope of the Eleventh Circuit's definition.   Therefore, I respectfully

recommend that the district court apply the parties' severability clause and limit the

definition of the "Released Parties" so that it comports with Eleventh Circuit precedence.[1]

### C. Non-Disparagement Clause

Courts throughout this Circuit have struck non-disparagement provisions in FLSA

settlement agreements and found "them to constitute a judicially imposed prior restraint in

violation of the First Amendment."   Nichols v. Dollar Tree Store, Inc., Case No. 1:13-cv-

88 (WLS), 2013 U.S. Dist. LEXIS 156754, at *10-11 (M.D. Fla. Nov. 1, 2013); see also

Degraff v. SMA Behavioral Health Servs., 945 F. Supp. 2d 1324, 1330 (M.D. Fla. Jan. 30,

2013); Housen v. Econosweep & Maint. Servs., 2013 U.S. Dist. LEXIS 79706, at *5-6

(M.D. Fla. May 24, 2013); Valdez v. T.A.S.O Props., Case No. 8:09-cv-2250-T-23TGW,

2010 U.S. Dist. LEXIS 47952, at *4 n.1 (M.D. Fla. April 28, 2010).   The parties have

included the following non-disparagement clause in their agreement:

> 6. Non-Disparagement.   No Party shall make or publish or
> instigate the making or publication of any statement (in verbal,
> written or electronic or other form) disparaging of the other
> Parties, their products, services, affairs or operations or their
> past or present directors, officers, employees, shareholders,

---

[1] The severability clause provides that:

> If any provision of this Agreement or the application thereof to any Party or
> circumstances shall be determined to be invalid or unenforceable to any
> extent, the remainder of this Agreement and the application of such
> provisions to any other Party or circumstances shall not be affected
> thereby and shall be enforced to the greatest extent permitted by law.

(Doc. 19-1 at 5).

> owners or agents whether or not such disparagement
> constitutes libel or slander

(Doc. 19-1 at 4).   This clause places a prior restraint on the parties' ability to speak freely about the case, which contravenes public policy and the protections of the First Amendment.   While this clause may serve to protect Plaintiff against Defendant giving prospective employers a bad review of Plaintiff and his work, this is not clear.   What makes this non-disparagement clause more egregious is that it is broad and "does not limit the restraints on Plaintiff's free speech to only those statements concerning his FLSA claim." Nichols, 2013 U.S. Dist. LEXIS 156754, at *11.   Therefore, I respectfully recommend that the district court sever this provision from the agreement, pursuant to the severability clause at paragraph 9 of the settlement agreement.

### D. Attorney's Fees

The parties represent that the $5,500 in attorney's fees and costs to be paid to Plaintiff's counsel, was negotiated separately from Plaintiff's recovery without regard to the amount of the settlement sum "and reflects a downward departure from the fees incurred by Plaintiff's counsel to date."   (Doc. 19 at 4).   This is sufficient to establish the reasonableness of the fees and that Plaintiff's recovery was not adversely affected by the amount of fees paid to his counsel.   See Bonetti v. Embarq Management Co., 715 F. Supp. 2d 1222 (M.D. Fla. 2009); see also McQuillan v. H.W. Lochner, Inc., No. 6:12-cv-1586-Orl-36TBS, 2013 WL 6184063, at *3 (M.D. Fla. Nov. 25, 2013).

### Recommendation

Upon consideration of the foregoing, I respectfully recommend that the district court **grant** the parties' Joint Motion for Approval of FLSA Settlement Agreement (Doc. 19); **limit** the definition of "Released Parties," and **sever and delete** the non-disparagement clause.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation.   Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on August 19, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record