UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ROBERT LOVEN,**

        **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　**Case No: 6:14-cv-328-Orl-41TBS**

**OCCOQUAN GROUP BALDWIN**
**PARK CORPORATION,**

        **Defendant.**
_____/

**ORDER**

THIS CAUSE is before the Court on the Joint Motion for Approval of FLSA Settlement Agreement and Incorporated Memorandum of Law (the "Motion") filed on August 11, 2014. (Doc. 19). United States Magistrate Judge Thomas B. Smith submitted a Report and Recommendation on August 19, 2014, recommending that this Court grant the Motion but limit the corresponding Settlement Agreement (Doc. 19-1) in two ways—limit the definition of "Released Parties" and delete the non-disparagement clause. (Doc. 20 at 3–6). On August 29, 2014, the parties filed a Joint Notice of Non-Objection to Report and Recommendation and Agreement Upon Revised Definition of "Released Parties," whereby the parties did not object to the Report and Recommendation and agreed to limit the definition of "Released Parties" to "Occoquan Group Baldwin Park Corporation, Occoquan Group Management Corporation, David Scoleri, Margaret Scoleri, Jennifer Pilson and Glenn Pilson." (Doc. 21 at 1).

After an independent *de novo* review of the record and noting that no objections were filed, this Court agrees entirely with the findings of fact and conclusions of law in the Report and Recommendation.

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 20) filed on August 19, 2014, is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. The Settlement Agreement (Doc. 19-1), as modified by the Report and Recommendation, is **APPROVED**.[1]

3. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on September 15, 2014.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

---

[1] To the extent that the Occoquan Group Baldwin Park Corporation, Occoquan Group Management Corporation, David Scoleri, Margaret Scoleri, Jennifer Pilson, and Glenn Pilson are individuals or corporations that are, with regard to the Plaintiff-employee, "acting directly or indirectly in the interest of an employer in relation to an employee," 29 U.S.C. § 203(d), or that "ha[ve] 'operational control of a corporation's covered enterprise,'" *Moore v. Appliance Direct, Inc.*, 708 F.3d 1233, 1237 (11th Cir. 2013) (quoting *Patel v. Wargo*, 803 F.2d 632, 637–38 (11th Cir. 1986)), they are "Released Parties" for purposes of the Settlement Agreement.